MOSK, J.
dissent.
In ITT Small Business Finance Corp. v. Niles (1994) 9 Cal.4th 245 [36 Cal.Rptr.2d 552, 885 P.2d 965], this court adopted a pragmatic approach to the question when “actual injury” occurs for purposes of the attorney *768 malpractice statute of limitations (Code Civ. Proc., § 340.6), holding that such actual injury does not occur until an underlying third party dispute is terminated by a judicial determination or adverse settlement. Until that time, the statute of limitations for attorney malpractice is tolled. The majority now reject that “bright line” rule in favor of an uncertain case-by-case approach that will require plaintiffs to sue their lawyers for harm that may be causally unrelated to the lawyers’ act or omission. I disagree both for analytical and practical reasons.
The illogic of the majority’s approach is patent. Here, defendant lawyers, representing plaintiff in an action involving manufacture and marketing of clothing “knock offs,” did not offer advice concerning the availability of insurance coverage for defense costs. Plaintiff contacted its insurance broker and was told that it did not have such coverage. After paying its own defense costs for several years, it learned of potential coverage and tendered defense of the action to the insurers. The insurers asserted that there was no coverage at all, or, alternatively, that tender was too late. Plaintiff sued the insurer, eventually settling for a substantial sum, albeit less than the amount of full coverage. It then sued the lawyers for malpractice. The majority conclude that the latter suit was barred by the statute of limitations, which, they determine, commenced to run at the time plaintiff first had a potential claim for coverage, i.e., when it first paid its own defense costs. They determine that such payment constituted actual injury under Code of Civil Procedure section 340.6, subdivision (a)(1).
As the Court of Appeal persuasively concluded, however, actual injury, properly construed, means invasion of a legally protected right. (See Rest.2d Torts, § 7 [“The word ‘injury’ is used throughout the Restatement of this Subject to denote the invasion of any legally protected interest of another.”].) Under that definition, plaintiff did not suffer actual injury as a consequence of alleged malpractice until the conclusion of the action against the insurers, which involved issues of coverage and notice and thus had a direct bearing on the question whether it suffered any compensable injury at all as a result of the lawyers’ alleged omissions. The failure of defendant to investigate the insurance issues could not have been the legal cause of harm to plaintiff if, as the insurers contended, the claims were not covered under the policy, or if, as plaintiff contended, it gave adequate, timely notice of the action. In either case, no claim for malpractice would exist because the lawyers’ omissions could not be deemed to have required plaintiff to pay defense costs. Although the lawyers’ omission exposed plaintiff to the possibility that its insurers might have a viable defense, such defense was neither certain to be raised nor certain to succeed. The causal connection *769 between the lawyers’ omission and plaintiff’s damages was established only when plaintiff settled its lawsuit with insurers.
The impracticality of the majority’s approach is also apparent. In the absence of a bright line rule, clients will be constrained to bring actions against their lawyers even before they could prove any compensable injury—resulting in potentially unnecessary expense and hardship to the parties and a waste of judicial time and resources. Moreover, clients wishing to preserve their legal malpractice claims may be forced to litigate two suits simultaneously, thus raising obvious additional legal and practical problems.
For these reasons, I would adhere to the rule summarized by the Court of Appeal as follows: “Pinpointing the time when a client suffers actual injury within the meaning of Code of Civil Procedure section 340.6 requires a factual determination of what legally protected interest the client claims the attorney invaded, and when that invasion occurred. If a third party lawsuit is filed, the results of which will determine whether or not the client’s legally protected interest has in fact been invaded, or if the malpractice occurs during the course of litigation which will determine that issue, the client will not sustain actual injury until disposition of that third party lawsuit by settlement, dismissal, or adverse judgment. If, on the other hand, an underlying lawsuit has been filed but the outcome of that proceeding will have no bearing on the existence or effect of the lawyer’s malpractice, or will only serve to mitigate damages, resolution of that action will not constitute ‘actual injury’ within the meaning of section 340.6. Finally, in so-called ‘missed statute’ cases in which the attorney fails to timely file a third party lawsuit and takes no further action, the client will suffer actual injury upon expiration of the statute of limitations applicable to the underlying action.” (Fn. omitted.)
Applying the foregoing rule to the present facts, I conclude that the malpractice action should be resolved on the merits. Accordingly, I would affirm the judgment of the Court of Appeal.
Appellants’ petition for a rehearing was denied September 30, 1998. Mosk, J., was of the opinion that the petition should be granted.